This is an appeal from the Corporation Commission from the findings and judgment of the Commission upon the petition of the citizens of Rutherfordton against the above defendants, requiring them to establish a union depot.
The following issues were submitted to the jury:
1. Is the establishment and maintenance of the proposed union depot at or near the Seaboard Air Line depot necessary to the convenience and accommodation of the traveling public? Answer: No.
2. Is it practicable for the Southern Railway Company and the Seaboard Air Line to be required to construct and maintain (271) a union passenger station at the town of Rutherfordton? Answer: No.
3. Do the necessities of the case require that the Southern Railway Company and the Seaboard Air Line Railway Company construct and maintain a union passenger station at the town of Rutherfordton? Answer: No.
4. Has the Seaboard Air Line Railway a depot which is adequate and convenient and offers suitable accommodations for the traveling public? Answer: No.
5. Has the Southern Railway Company a depot which is adequate and convenient and which offers suitable conveniences for the traveling public? Answer: Yes.
6. What is the distance between the present Southern depot and the proposed union depot? Answer: Not over 1 1/2 miles.
Upon the findings of the jury, the court rendered a judgment dismissing the proceedings, from which the plaintiffs appeal. *Page 221 
The first assignment of error is as follows: "The court ruled that the case stood for trial as other civil actions; that orders made by the Corporation Commission were prima facie just and reasonable; and that each side, plaintiff and defendant, had the right to offer any competent evidence in addition to the evidence offered before the Corporation Commission upon the hearing before it."
We are of opinion that his Honor was correct in trying the case bebore [before] a jury de novo. The statute requires that appeals from the Commission shall have precedence of other civil actions, and shall be tried under the same rules and regulations as are prescribed for the trial of other civil causes, except that the rates fixed on the decision or determination made by the Commission shall be prima facie just and reasonable.
It necessarily follows, therefore, that neither the plaintiff nor the defendants are confined to the testimony submitted to the Commission. One of the earliest appeals from the Commission was the Selma R. R.Connection Case, 137 N.C. page 2. In that case the appeal was tried in the Superior Court of Wake County upon issues (272) submitted to the jury upon the trial, of which both parties were permitted to offer all the testimony, whether submitted to the Commission or not, which was relevant to the matter in dispute.
There are several assignments of error relating to the reception of evidence by the court which the plaintiff insists was incompetent and introduced into the trial an element entirely outside of the statute. These exceptions all relate to the testimony of witnesses as to what effect a union passenger station at Rutherfordton would have upon the adjacent village of Hamptonville.
It appears that Hamptonville is a thriving village of some 264 inhabitants, situated 1 1/2 miles from Rutherfordton, and that the station of the Southern Railway at Hamptonville is now and always has been the station provided for the accommodation of the town of Rutherfordton.
His Honor permitted the witnesses to testify as to what would be the effect of the establishment of a union depot in Rutherfordton upon the property interests of the village of Hamptonville. Witnesses testified it would greatly depreciate the value of the property of the said village.
Other witnesses were permitted to testify that if the union depot was established where the Corporation Commission designated it, or near the present Seaboard Air Line depot, and the depot at Hamptonville abolished or its facilities diminished, it would result in the ruin of the said town, and that the business enterprises there would have to close up. *Page 222 
J. C. Hampton, a witness for the defendant, was permitted to testify that the establishment of a union depot at the proposed site, together with the discontinuance of the depot at Hampton or a decrease of the facilities there, would be like taking bread out of the mouths of the people of Hamptonville. We think it was error upon the part of the court to permit the introduction of this kind of testimony bearing upon the property interests of the village of Hamptonville.
It is true, his Honor laid no stress upon this evidence in his charge to the jury, and in a measure endeavored to neutralize its effect (273) upon the jury, but we think that so much of this evidence was permitted to be introduced that its effect upon the jury must have been very potential. It tended to raise an issue between the town of Rutherfordton and the village of Hamptonville to such an extent that the jury might well have lost sight of the real issue to be passed on by them.
Under section 1097, Revisal of 1905, the Corporation Commission is empowered to direct the establishment of union stations under certain conditions, to wit: when practicable and when the necessities of the case require two or more railroads entering a city or town to have one common union passenger depot for the security, accommodation, and convenience of the traveling public.
When these conditions are found to exist, then the two railroads may be compelled to unit in the erecting, constructing, and maintaining such union passenger depot commensurate with the business and revenues of such railroad companies on such terms, regulations, provisions, and conditions as the Corporation Commission shall prescribe.
We think that the evidence elicited from the witnesses did not bear upon any of the essential facts necessary to be used in this case and was calculated to divert the attention of the jury from the real issues before them.
The caution given to the jury by his Honor in his charge could not very well remove entirely from the minds of the jury the impression produced by such testimony. For these reasons we feel impelled to order another trial.
New trial.