NORTH CAROLINA PUBLIC SERVICE COMPANY AND SALISBURY AND
    SPENCER RAILWAY COMPANY v. THE SOUTHERN POWER COM-
    PANY.

(Filed 17 March, 1920.)

**1. Corporations—Public Service—Competitors.**

Ordinarily a public service corporation cannot be required to supply its competitor, a public service corporation, with the material necessary to enable the latter to discharge its duty to the public.

**2. Same—Monopolies—Electricity—Hydroelectric Power—Charter Rights
    —Election—Courts.**

Where the manufacturer of hydro-electric power having a monopoly of the water power over a considerable area in a populous portion of this state, has elected to supply, and has supplied an electric current, under one of its charter powers, to other public service corporations, for distribution or resale to the private users within a limited territory wherein the manufacturer does not, itself, distribute or resell, the corporations thus purchasing the current are not competitors of the manufacturer, but are a part of the general public, and the manufacturer

having elected to supply other public service corporations for the purpose of resale, may be forced to do so in our courts without discrimination for like service.

**3. Same—Consumers—Rates—Corporation Commission.**

The users of electricity in a city or town have a direct and vital interest in the wrongful refusal of a hydro-electric public service corporation from whom they may alone receive their supply, and where the retail corporation is claimed to be charging excessive rates, the matter is within the jurisdiction of the North Carolina Corporation Commission, when brought before it.

**4. Same—Final Judgment.**

Should it be established by final judgment of court that a public service corporation having a monopoly of manufacturing hydro-electric power had wrongfully refused to supply its electrical current to distributing or resale public service corporations, *semble* the Corporation Commission would have the authority to fix the rate of charges, under the requirements of the Court that the manufacturing company must furnish it.

WALKER and ALLEN, JJ., dissenting.

PETITION to rehear.

*Linn & Linn, Robeson & Dalton, and Brooks, Sapp & Kelly for plaintiff.*
*Cansler & Cansler and W. S. O'B. Robinson, Jr., for defendant.*

BROWN, J.  This cause comes before the Court again on petition to rehear granted by myself in order that I might have opportunity to make a more thorough examination of the questions presented on the record than I had last session.

Such examination has confirmed me in my former conclusion.  The questions presented have been so fully and ably discussed by the *Chief Justice* and *Justice Allen, pro* and *con,* that I will not undertake to add anything to the discussion.  I will state my views briefly, but a little more fully than before.

The defendant filed an answer to the complaint, and afterwards, upon the hearing before Judge Shaw, moved to dismiss the action upon the ground that the complaint does not state a cause of action.  The learned judge overruled this motion, and in so doing I am still of opinion that he committed no error.

Assuming that all the facts stated in the complaint are true, in my judgment, they make out a cause of action against the defendant which entitled plaintiffs to relief.  These facts are well and correctly summarized in the opinion of the *Chief Justice* and need not be repeated.  According to the allegations stated in the complaint, the defendant is a public-service corporation, engaged in business under the laws of this

State in manufacturing electricity by water power and selling it over a large territory by wholesale. It has a monopoly of the hydroelectric power supply in a considerable portion of a populous section of this State.

I candidly admit that as a general proposition, one public-service corporation cannot be made to supply a competitor, another public-service corporation of like character, with the material necessary to enable the latter to discharge its duty to the public.

But the facts alleged in the complaint, if established upon the final hearing, take this case out of that general rule.

Neither the North Carolina Public Service Company nor the railway company are competitors with the defendant, according to my interpretation of the facts stated in the complaint. The railway company is in no sense a competitor with defendant, as it is not in the business of manufacturing electricity for sale, but uses the current it buys from the defendant solely to operate its street car service between Salisbury and Spencer. Not being a dealer in, or manufacturer of electricity, in my opinion it cannot be considered a competitor in any sense, but so far as the defendant is concerned, is a part of the general public which defendant has elected to serve, and has the right to compel defendant to furnish it with electricity as far as defendant is able to do so.

I fail to find any reason or authority to support the position that a corporation manufacturing electricity for wholesale to the public cannot be made to supply a street car company if it is able to do so. A corporation under certain circumstances may be as much a part of the general consuming public as an individual.

According to the facts alleged, I do not think the other plaintiff, the North Carolina Public Service Corporation, is a competitor with defendant.

The plaintiff is a retailer of electricity and engaged in supplying the citizens of Salisbury and Spencer with electricity to light their residences and for other private purposes. It cannot compete with defendant, for the latter does not undertake to supply residences, and is in every sense a wholesaler of the electric current. The plaintiff supplies no territory supplied by defendant, but buys its current from the latter and distributes it among the inhabitants of a limited territory. While this plaintiff has power under its charter to manufacture, at instance of defendant it ceased to do so ten years ago, and the defendant has supplied the current by contract ever since. It has for all these years elected to treat plaintiff and other similar corporations as a part of the general consuming public, and to furnish them with electricity as a means of supplying the citizens of the territory that the defendant occupies.

Defendant is willing to continue doing so, provided these retail companies will pay the price demanded.

In my opinion the defendant had the right originally to confine its sales and contracts to those desiring electricity for direct personal consumption, and thereby retain control of the number of its customers, limiting them to that number it could adequately serve. But when defendant voluntarily entered the field of supplying current to a person or corporation which does not desire it for consumption, but to sell and distribute to others for their consumption, the case is changed. It becomes subject to the provision of law that it must extend the same treatment to all persons and corporations who stand in like case. It cannot sell to one and arbitrarily refuse to sell to another. One corporation desiring current from it for distribution purposes *prima facie* has precisely the same right to obtain it as another. A public-service corporation cannot arbitrarily refuse to supply one of a class which it has undertaken to serve. It must justify its refusal by good reasons.

If the defendant in the beginning had elected to supply only the individual consumer, I am satisfied it could not have been compelled to supply smaller corporations engaged in retailing the electric current. But when defendant commenced and continued to sell its current to such smaller corporations for purposes of resale and distribution, every such corporation has an equal right, and it must not discriminate. That does not mean it must sell them all at the same price. The circumstances surrounding each distributing corporation, cost, etc., must be taken into consideration.

Having undertaken this public service, the defendant is bound to serve impartially all who have the right to demand its service. As it does not undertake to furnish the individual consumer, and having elected to furnish corporations that do supply the individual, it must continue to furnish such corporations so far as its business and the capacity of its plants will permit.

This is the principle recognized by this Court in *Tel. Co. v. Tel. Co.,* 159 N. C., 15, wherein, quoting from the Indiana Supreme Court, it is said: "Such physical connection cannot be required as of right, but if such connection is voluntarily made by contract, as is here alleged to be the case, so that the public acquires an interest in its continuance, the act of the parties in making such connection is equivalent to a declaration of a purpose to waive the primary right of independence, and it imposes upon the property such a public status that it may not be disregarded." The citizens of Salisbury, Spencer, and adjacent territory have a very vital interest in this controversy.

The defendant does not undertake to furnish them electricity except through the medium of a distributing company. If defendant cannot

be compelled to so continue to furnish it, then these citizens have no other resource except to pay the higher cost of coal-made current, and the defendant is practically free from State control. Therefore, they have a direct public interest in imposing upon defendant the duty it voluntarily assumed ten years ago, and has been discharging ever since. Something has been said in the argument about the plaintiff charging these citizens 800 per cent profit. Nothing of that sort appears in the complaint. They have their remedy before the Corporation Commission, and if they are foolish enough to submit to such plunder it is their own folly.

These views, I think, are supported by the authorities cited in the opinion of the *Chief Justice,* as well as by the following cases: *Trans. Co. v. R. R. Com.,* 176 Cal., 499; *Morganton v. Hope Gas Co.,* March, 1919; Public Utilities Report Ann., 1919, D 270; *N. Y. v. McCall,* 245 U. S., 345; *Attica Water & Gas Co. v. National Gas Co.,* 3 P. S. C. (2 Dist. N. Y.), 207—almost on all fours; *Missouri v. Bell Tel. Co.,* 23 Fed. Rep., 540, opinion by *Justice Brewer; Acker M. & Co. v. N. Y. Edison Co.,* Pub. Utilities Re. Ann., 1919, B. 287. This latter case is very much in point. *Percival v. Public Service Commr.,* 148 N. Y. Supp., 583; *State v. Tel. & Tel. Co.,* 147 Pac., 885.

It is earnestly contended by the learned counsel for defendant that the Superior Court has no jurisdiction of this action because before any judgment can be rendered herein requiring the defendant to sell power to the plaintiffs, the Court would necessarily have to fix the rates and the terms and conditions of the sale, and it has no jurisdiction to do either, the Legislature having given the Corporation Commission full and exclusive jurisdiction over this subject.

If, upon the final hearing, when all the issues are passed upon and the true facts found, it shall be decided that the plaintiffs are entitled to a decree compelling defendant to furnish the current required, in case the parties cannot agree upon the price, I see no reason why the matter cannot be brought before the Corporation Commission and the defendant required by the Court to furnish the current at the rate fixed by the commission.

PER CURIAM.

The petition to rehear is dismissed.

WALKER and ALLEN, JJ., dissenting without further opinion than the one filed.