### CORPORATION COMMISSION AND CITY OF HENDERSON v. HENDERSON WATER COMPANY.

(Filed 24 June, 1925.)

**Corporation Commission—Corporations—Judgment—Appeal and Error— Presumptions — Evidence — Burden of Proof—Cities and Towns— Franchise—Municipal Corporations.**

The Corporation Commission is empowered by statute to fix just and reasonable rates or charges for the services rendered by certain public-service corporations, including water companies within the incorporated limits of a city or town, C. S., 2783, upon certain evidence specified by the statute, C. S., 1068, the rate so fixed being taken as prima facie just and reasonable, C. S., 1067; and where a user of the public service appeals to the court claiming the rates fixed by the commission were unreasonable or excessive, it is required of him to show by his evidence upon the trial the truth of his contention, and in the absence of such evidence it is not erroneous for the trial judge to instruct the jury to find in favor of the justness of the rates so fixed by the commission, though it appears that these rates were in excess of those fixed by the franchise of the public-service corporation granted by the city or town.

CLARKSON, J., dissenting.

APPEAL by city of Henderson from *Bond, J.,* at October Term, 1924, of VANCE.

On 27 September, 1922, Henderson Water Company filed its petition with the Corporation Commission of North Carolina praying said commission to establish and put into effect a schedule of rates to be charged by said water company for services to be rendered by it to the city of Henderson and its inhabitants. Upon notice of the filing of said petition, the city of Henderson filed answer thereto, denying that the schedule of rates proposed by the petitioner was reasonable, and alleging that the schedule then in force, pursuant to the contract between the city and the water works was reasonable, and ought to remain in force. The Henderson Water Company, pursuant to contract, based upon an ordinance of said city, has a franchise to furnish water to the city of Henderson and its inhabitants for 40 years, from the year 1892. Rates

to be charged for service under said franchise are fixed in the contract. After a full hearing of testimony and consideration of arguments and briefs, the commission found that a schedule of rates, as set out in its order, was reasonable. It was ordered that the schedule of rates in force prior to the filing of the petition for hydrant service might be increased by petitioner ten per cent, and that the schedule of rates, found by the commission to be reasonable, applicable to meter readings might be charged for and after the month of April, 1923. Except as and to the extent granted, the petition was denied. This order is dated 29 March, 1923. A supplemental order was entered by the commission on 9 April, 1923, applicable principally to maximum rates for automatic sprinklers.

The city of Henderson and certain interested parties filed exceptions to said order and supplemental order, which were overruled by the commission. The cause was then heard, upon appeal to the Superior Court of Vance County. Judgment was rendered therein as follows:

"This cause coming on to be heard before his Honor, W. M. Bond, judge presiding and a jury, upon appeal by defendants (city of Henderson and other interested parties) from an order of the North Carolina Corporation Commission establishing water rates to be charged by the Henderson Water Company, and an issue having been submitted and answered as follows:

"Are the rates fixed in this cause by the Corporation Commission, regulating prices of water supply, just and reasonable? Answer: 'Yes.'

"Now, on motion of J. H. Bridgers, J. P. Zollicoffer and Thomas M. Pittman, attorneys for plaintiff (Henderson Water Company)

"It is considered and adjudged that the orders of said commission establishing such charges or rates are hereby affirmed and the commission is authorized to proceed in the enforcement thereof until changed as provided by law.

"The defendants (city of Henderson and other interested parties) having contended that the rates named by the Corporation Commission are in excess of those fixed by contract between the city of Henderson and the Henderson Water Company and in violation of such contract, and that the procuring authority for and charging such rates by the water company is such a breaking of the contract that the city of Henderson is entitled to have rescission and cancellation thereof, and asked the court to hold and adjudge that the contract is thereby abrogated, and the defendants (city of Henderson and other interested parties) relieved from all and every obligation and liability in respect thereof:

"Such motion and application of the defendants is denied and the court holds and so adjudges, that such contract was made in subordination to the police power of the State, which may be rightfully invoked

by either party thereto, and subject to a fair exercise of such police power, is equally binding and obligatory upon all the parties thereto.

"It is further adjudged that plaintiff recover of defendants the cost of the action to be taxed by the clerk.

"W. M. BOND, *Judge Presiding.*"

From said judgment, city of Henderson appealed to the Supreme Court, assigning errors based upon exceptions.

*Perry & Kittrell and Hicks & Son for city of Henderson.*

*Jere P. Zollicoffer, J. H. Bridgers and Thomas M. Pittman for Henderson Water Company.*

CONNOR, J. At the close of all the evidence, the court instructed the jury upon the issue submitted, to wit: "Are the rates fixed in this cause by the Corporation Commission, regulating the price of water supply, just and reasonable," to answer the same "Yes." Under this instruction, the jury so answered the issue. Appellant, city of Henderson, excepted to this instruction and assigns same as error.

Petitioner is a public-service corporation, and the Corporation Commission is vested by law with full power and authority to fix and establish any and all rates which it may charge for services rendered by it. C. S., 2783. When the Corporation Commission is called upon, by either the corporation or those to whom the services are rendered, under its franchise, to exercise this power and authority, it is its duty to fix and establish just and reasonable rates to be charged for such service. The rates or charges, established by the commission, shall be deemed just and reasonable, C. S., 1067. The burden was therefore upon appellant to offer evidence sufficient for the jury to find upon appeal and under the instructions of the court, that the schedule of rates, established by the commission, in this case, were not just and reasonable to both petitioner and respondent.

Upon a careful consideration of the evidence, as set out in the statement of the case on appeal, we must sustain the instruction of the court. The evidence chiefly relied upon by appellant is the testimony of Mr. W. A. Hunt. This witness is a member of the city council, and is by profession a banker. He was one of the receivers of petitioner, appointed by the court on 13 October, 1921, and discharged when its property was restored to appellee by the court on 3 July, 1922. He testified that the books of the water company showed that its property cost $162,000; that allowing 1% a year during the life of the property to cover depreciation, he was of the opinion that the present fair value of the property was $115,000. He was also of the opinion that the

property would pay a fair return under proper management at the rates allowed under the franchise. He expressed the opinion that these rates were reasonable and that he was qualified to so state. He considered the ratio of expenses to income too high. He had no information as to the cost of additions to the property since he was discharged as receiver in 1922, but knows that considerable additions have been made under the orders of the city. He was further of opinion that the company employed more clerks in the office than was necessary for the conduct of its business.

There was evidence also that the plant was sold in 1894 under a decree of foreclosure and conveyed to a trustee for creditors by deed, in which the recited consideration was $32,101; that the income for 1920 was $27,385.94, and that the value as assessed for taxation in 1920 was $46,000; the tax valuation for 1924 was $75,000. During a period of five years—from 1917 to 1922—the rates charged were less than the maximum fixed by the contract. Several customers of the water company testified as to the increase in amounts paid by them under the rates fixed by the Corporation Commission. One of these customers operated a public swimming pool, another was the manager of a hotel, and another of the American Cotton Oil Company.

There was no evidence offered by appellant from which the jury could have found the facts which, under C. S., 1068, the Corporation Commission is required to consider in fixing maximum rates to be charged by corporations subject to its power and authority as to these matters. The burden was upon appellant and, therefore, the assignment of error cannot be sustained. There was evidence offered by appellee sufficient to sustain the rates established by the Corporation Commission.

At the beginning of the trial, and again at the close of all the evidence, the city of Henderson moved the court to hold that the rates fixed by the contract between the city of Henderson and the Henderson Water Company were binding upon the company, and that neither the Corporation Commission nor the court had power or authority to change these rates within forty years, the life of the contract. The motion was denied; appellant excepted and assigns same as error.

The ruling of the court is sustained by the decision of this Court in *Griffin v. Water Co.,* 122 N. C., 210; *In re Utilities Co.,* 179 N. C., 151; *Corporation Commission v. Mfg. Co.,* 185 N. C., 17.

The power conferred by its charter upon the city of Henderson "to provide water and lights and to contract for same, provide for cleansing and repairing the streets, regulate the market, take proper means to prevent and extinguish fires," is subject to the police power of the State, with respect to rates to be charged under such contracts as the city may make under its charter by a public-service corporation.

Constitution of N. C., Art. VII, sec. 12, sec. 14; Art. VIII, sec. 1. This assignment of error cannot be sustained.

The city of Henderson moved the court, in view of its ruling that the Corporation Commission had the power to change the rates, to hold that the change of the rates in the exercise of this power upon the application of the water company and the charging for service provided by the contract at the rates established by the commission in excess of the contract rates, was such a material change and alteration of the contract or franchise as to release the city of Henderson from the obligation of the contract. Defendant excepted to the refusal to so hold and assigns same as error.

This proposition of law is not material to this controversy and is not presented on the record. We, therefore, do not now decide the question presented by this assignment of error.

We have considered the assignments of error based upon exceptions to rulings upon evidence. We find no error in such rulings and do not deem it necessary to discuss them. Upon consideration of each of the assignments of error, we affirm the judgment. There is

No error.

CLARKSON, J., dissenting.