BARNHILL, J., concurring.
WINBORNE and DENNY, JJ., join in concurring opinion.
SEAWELL, J., dissenting.
Proceeding before North Carolina Utilities Commission.
The record discloses that on 21 April, 1942, the Great Southern Trucking Company filed petition with the Utilities Commission for franchise certificate to operate as motor vehicle carrier between Charlotte and Winston-Salem via Mooresville, Statesville and Mocksville, alleging as justification for the license "public convenience and necessity."
Pursuant to publication of notice, the matter came on for hearing before the Commission beginning on 19 May, 1942, at which time Frederickson Motor Express Corporation and Smith Transfer Corporation appeared and interposed objections. They were thereupon made parties protestant to the proceeding. The record fails to disclose the order making them parties or their objections, if in writing. But it appears in the evidence that they are intrastate carriers by truck operating over the proposed route. *Page 688 
In summary, the findings and determination by the Commission, filed 14 July, 1942, follow:
1. That the applicant operates under interstate rights between points in North Carolina, including Charlotte, Mooresville, Statesville and Winston-Salem, and points in Tennessee, South Carolina, Georgia, Florida and Alabama.
2. That it also operates under intrastate rights between Charlotte and Asheville over United States Highway No. 74, between Charlotte and Greensboro over United States Highway No. 29, and between Charlotte and High Point via Albemarle and Asheboro.
3. That it urges as justification for the license, here sought, both economy in operation and service to the public by handling at one and the same time and in the same trucks interstate and intrastate shipments to and from points on the proposed route.
4. That witnesses testified in support of the application, and generally to the effect that existing intrastate service over the proposed route is reasonably satisfactory, but that some inconvenience is occasioned by a division of interstate and intrastate shipments between carriers according to their respective operating rights.
5. That Frederickson Motor Express Corporation now operates under intrastate rights between Charlotte and Winston-Salem, with schedules set up by Mooresville and Statesville, and also by Salisbury and High Point.
6. That on 6 May, 1942, "this Commission granted the Lowther Trucking Company motor vehicle franchise rights to transport property between Charlotte and Winston-Salem via Mooresville and Mocksville."
7. That the present intrastate carriers have sufficient equipment and maintain sufficient schedules reasonably to meet the transportation needs over the proposed route.
Whereupon it was ordered that the application of the Great Southern Trucking Company be denied.
In apt time, the petitioner filed exceptions to the findings and order of the Commission. These were overruled, and from this final disposition of its petition, the Great Southern Trucking Company gave notice of appeal. The matter was certified to the Superior Court of Mecklenburg County.
At the hearing in the Superior Court, the original protestants, Frederickson Motor Express Corporation and Smith Transfer Corporation, also Piedmont Mountain Freight Lines (successor to Lowther Trucking Company) came in and asked to be made parties to the proceeding. The petitioner objected to the last named protestant being made a party. The motion was allowed as to all three. Exception. *Page 689 
In the main, the evidence offered is similar to that before the Commission, with some additional corroborative testimony. It is not materially different from what was heard by the Commission. Some shippers prefer to use the facilities of the petitioner, while others are satisfied with the services of the present intrastate carriers. For example, the Ford Motor Company, even at additional cost, uses the Great Southern to "pick up" its shipments in Charlotte, which are then turned over to one of the other carriers, if destined to points on the proposed route. On the other hand, an agent of the Piedmont Mountain Freight Lines testified: "We have tried to operate a through truck from Charlotte to Winston-Salem and return, but we are operating such service only when we have a sufficient volume of freight to warrant running that truck. We run that truck on an average of possibly three times a week. We have a trailer unit set aside for that purpose. On the days we do not operate that service, the truck sits in the yard. Our present volume is less than half."
Upon consideration of all the evidence, and on motion of the protestants, the action was dismissed as in case of nonsuit. From this ruling the Great Southern Trucking Company appeals, assigning errors.
The question for decision is whether the showing made in the Superior Court suffices to overcome the "prima facie just and reasonable" disposition of the matter by the Utilities Commission. The trial court answered in the negative, and we cannot say the result should be disturbed.
The ruling in the court below was on demurrer to the evidence, and as no challenge was interposed to the appeal as such, this latter question, debated on argument, is neither considered nor decided. Its determination seems unnecessary in the view we take of the case.
The scintilla rule is not applicable here. The matter came into the Superior Court on appeal from a determination of the Utilities Commission. This is presumed to be valid, and is not to be disturbed "unless it is made to appear that . . . it is clearly unreasonable and unjust," to quote the language of Hoke, J., in Corporation Commission v. R. R., 170 N.C. 560,87 S.E. 785. To say that it may be overcome by a mere inference of fact is not only to render it feckless, but also to reduce the exception to no real value or significance. S. v. R. R., 161 N.C. 270, 76 S.E. 554. It was not intended that an appeal should be taken *Page 690 
simply to see "how it might strike the Court." Utilities Com. v. Kinston, 221 N.C. 359, 20 S.E.2d 322. In the recent case of Utilities Com. v.Coach Co., 218 N.C. 233, 10 S.E.2d 824, the observation is made that it requires the appellant to "introduce substantial evidence in support of his case, or run the risk of an adverse verdict." Substantial evidence is more than a scintilla or a permissible inference. See Consolidated EdisonCo. v. Nat. L. R. Bd., 305 U.S. 197, 83 Law Ed., 126.
The statute provides that on appeal to the Superior Court, "if there are exceptions to any facts" it shall be placed on the civil issue docket, and the trial shall be under the same rules and regulations as are prescribed for the trial of other civil causes, "except" that the decision or determination made by the Commission "shall be prima facie just and reasonable." C. S., 1098; McIntosh on Procedure, 819. In other words, the trial is to be under the same rules and regulations applicable in other civil causes, save and except the prima facie effect to be given the decision or determination of the Commission.
The provision that on appeal the trial shall be "under the same rules and regulations as are prescribed for the trial of other civil causes," has been interpreted to mean that the trial shall be de novo. S. v. R. R.,supra; Corporation Com. v. Mfg. Co., 185 N.C. 17, 116 S.E. 178.
It is to be remembered that what constitutes "public convenience and necessity" is primarily an administrative question with a number of imponderables to be taken into consideration, e.g., whether there is a substantial public need for the service; whether the existing carriers can reasonably meet this need, and whether it would endanger or impair the operations of existing carriers contrary to the public interest. Precisely for this reason its determination by the Utilities Commission is made not simply prima facie evidence of its validity, but "prima facie just and reasonable." It is not the intent of the statute that the public policy of the State should be fixed by a jury. The court's jurisdiction in the premises is neither original nor wholly judicial in character, and so the weight to be given the decision or determination of the Utilities Commission in any given case is made an exception to its usual procedure.Corp. Com. v. R. R., 151 N.C. 447, 66 S.E. 427; Prentis v. R. R.,211 U.S. 210. See Belk's Department Store v. Guilford County, 222 N.C. 441,23 S.E.2d 897, where a fruitless effort was made to obtain a judicial review of determination by another administrative agency even in the absence of a presumptive declaration such as we have here.
Nor is it to be overlooked that in 1933, the Commission was given authority to grant or refuse any application for a franchise certificate where the granting of such application would duplicate, in whole or in *Page 691 
part, a previously authorized similar class of service, unless it is shown to the satisfaction of the Commission that the existing operators are not providing sufficient service reasonably to meet the public convenience and necessity, and the existing operators, after thirty days' notice, fail to provide the service required by the Commission. Ch. 440, sec. 1, Public Laws 1933, amending ch. 136, sec. 3, Public Laws 1927.
The petitioner, Great Southern Trucking Company, is a Florida corporation engaged in interstate commerce by truck, operating across the State via Charlotte and Winston-Salem, but without the privilege of intrastate business between these two points, which it now seeks. The Commission found that the present intrastate carriers between Charlotte and Winston-Salem, over the proposed route, maintain sufficient schedules to meet the transportation needs in a reasonable manner, and that the facts presented do not warrant the granting of petitioner's application. There is no sufficient evidence on the record to overturn this determination by the Commission or to rebut the presumption that it is just and reasonable.
On the record as presented, the correct result seems to have been reached.
Affirmed.