355 P.2d 52 (1960)
SVILAR LIGHT AND POWER, INC., Appellant (Petitioner below),
v.
RIVERTON VALLEY ELECTRIC ASSOCIATION, INC., Appellee (Protestant below).
No. 2883
Supreme Court of Wyoming.
August 30, 1960.
*53 Guy & Phelan and Ward A. White, Cheyenne, Daniel P. Svilar, Hudson, for appellant.
Donald Spiker, Riverton, for appellee.
Before BLUME, C.J., PARKER, J., and BENTLEY, D.J.
District Judge BENTLEY delivered the opinion of the court.
This is an appeal from an order of the District Court of Laramie County, Wyoming, affirming an order of the Public Service Commission of Wyoming; denying appellant's application to construct an electrical transmission line from its system in the Town of Hudson, Fremont County, Wyoming, to three operating coal mines located near the Town of Hudson; and further denying appellant's application to clarify its Certificate of Public Convenience and Necessity to include an area within a six-mile radius of the Town of Hudson; but clarifying and amending such certificate to include the corporate limits of the Town of Hudson, Wyoming, and the suburban territory located within a radius of one-half mile therefrom.
For sake of brevity, Svilar Light and Power, Inc., successor in interest of Hudson Light and Power Company, petitioner-appellant, will hereinafter be referred to as "Svilar"; Public Service Commission of Wyoming as "Commission"; Riverton Valley Electric Association, Inc., protestant-appellee, as "RVEA"; and Pacific Power and Light Company, successor in interest of Mountain States Power Company, intervenor in original proceedings, as "PP&L".
In order to consider the arguments of appellant Svilar it is necessary to briefly describe the factual situation which had developed at the time of the Commission hearing. The first utility in the area was Svilar's predecessor, the Hudson Power and Light Company, which began furnishing power to residents of the Town of Hudson in 1920. They have continued to do so until this date. At first this company manufactured its own power but it started to buy power from PP&L's predecessor, Mountain States Power Company, in 1923. In 1929 these two parties entered into a formal contract. This contract gave Svilar exclusive right to the Town of Hudson and adjacent territory extending six miles in all directions from the town. In 1929 Mountain States Power Company built a line from the Town of Lander through Hudson to Riverton and the certificate granted by the Commission gave such company a territory extending within a distance of ten miles on each side of said transmission line between said towns of Lander and Riverton, except as provided by said contract between the company and Svilar which expired by its terms on January 12, 1931, and which was never renewed. PP&L has apparently abided by the territorial division provided in the contract to this time but such division has not been formally approved by the Commission after the expiration of the contract.
In 1943 RVEA came into the picture when it made application and was given authority in an area around the Town of Hudson by the Commission to serve new customers.
*54 Thus, each of the parties had some rights in the area within ten miles of Hudson and particularly in the area of about four miles from Hudson where the coal mines needing service lay. In about 1957 both Svilar and RVEA came into a position where they desired to serve the said mines and this dispute arose. Svilar asked the Commission for permission to serve the mines in August, 1957, and RVEA protested. PP&L was an intervenor but not an actual contestant at the hearing.
Service to the mines in question required a special three-phase electric power line. Svilar proposed to take its power from PP&L at a point near Hudson and to build a line about 3.85 miles in length to the mines. RVEA was in the process of general improvement to its system as approved by the Commission, which improvement included a three-phase line passing near the same place as Svilar intended to start the new line. Therefore RVEA protested Svilar's application and told the Commission it proposed to service said mines.
The hearing was completed and the Commission decided to give the right to serve the mines to RVEA and to limit the certificate of Svilar to an area including the corporate limits of the Town of Hudson and the suburban territory located within a radius of one-half mile therefrom.
There are two questions urged by appellant Svilar in its appeal from the decision of the Commission and the District Court in this matter. The first is whether or not the order of the Commission denying Svilar's application was arbitrary, capricious, and not in conformity with the law because it was not properly supported by any substantial evidence. The second is whether or not the Commission erred in interpreting the phrase "immediate vicinity" in the Certificate of Public Convenience and Necessity of Svilar to be limited to the corporate limits of the Town of Hudson, Wyoming, and suburban territory located within a radius of one-half mile therefrom, and was therefore not in conformance with the law.
We turn first to the argument of Svilar on the question of whether or not the Commission's order was arbitrary, capricious, and not in conformity with the law because it was not properly supported by any substantial evidence. Section 37-38, W.S. 1957, provides as follows:
"Every order of the commission shall be in writing and in cases of importance may be accompanied by an opinion setting forth in brief the facts on which the commission has based its order. The commission shall provide for the publication from time to time and for the assembling of its opinions and orders."
Courts generally hold that findings of the Commission should be clearly stated and identified as such so that a reviewing court can determine from the record what evidence the Commission considered credible and worthy of adoption or rejection. This Court considered this proposition in the case of Gore v. John, 61 Wyo. 246, 157 P.2d 552, 562, and adopted the rule set forth in the Pennsylvania case of Scranton-Spring Brook Water Service Co. v. Public Service Commission of Pennsylvania, 105 Pa.Super. 203, 160 A. 230, as follows:
"* * * `It is essential that the report of the commission, or the record, in some way disclose precisely the elements involved and the processes and methods by which the commission reaches its findings and conclusions on the evidence. * * * It is not only of value to the courts, but it is essential that counsel for the parties should have the information for the purposes of determining whether further proceedings should be had and how they should be conducted. * * * If we are to determine whether or not the "findings" are reasonable and proper, we must have definite and specific findings to consider. * * * Where the evidence is conflicting, we must be able to determine from the report what evidence the commission considered *55 credible, and therefore worthy of adoption, and what evidence it rejected.'"
Also, this Court in the case of Application of Northern Utilities Co., 70 Wyo. 225, 247 P.2d 767, 783, cited with approval 73 C.J.S. Public Utilities § 64, pp. 1161, 1162:
"`The reviewing court will not substitute its discretion for that of the commission, and it will not review or reverse the exercise of discretionary power by the commission except where there has been an abuse of discretion or there is a showing of capricious, unreasonable, or arbitrary action or disregard of law. * * *'"
Keeping these rules in mind we have considered the specific objections of appellant Svilar to determine if they are substantial and we do not find them to be sufficient to warrant reversal.
Several of its objections are specifically urged and should be commented on. First, Svilar contends that certain findings of the Commission are conclusions of law rather than findings of fact and therefore the case should be reversed. Judge Blume of this Court in the Gore case, supra, at 157 P.2d 561, said:
"* * * It is difficult at times to determine whether a statement is a fact or a conclusion, or a statement of a mixed fact and conclusion. That is well known, and many cases are found on the point under the subject of pleadings. See 49 C.J. 46 et seq. In State ex rel. Utilities Commission v. Carolina Scenic Coach Company, 218 N.C. 233, 10 S.E.2d 824, 828, the court stated that, `in common practice it is often difficult to separate conclusions of fact from conclusions of law. The statute, however, does not require any high degree of formality in this respect, and it is not the practice of this court to allow mere form to defeat substantial justice, or to disregard pertinent matter for want of proper labeling.' * * *"
In reviewing the findings in the order herein complained of and the record of the proceedings we have no difficulty in finding sufficient facts to sustain the various conclusions reached by the Commission. Appellant Svilar lays great stress on the fact that the Commission found that RVEA was in the process of completing a three-phase line when in fact the particular line had not been started at the time of the hearing and that such a conclusion is therefore not supported by the evidence. It overlooks the fact that the Commission had specifically approved the financing and details of the building of the RVEA line which would give three-phase power to RVEA at approximately the same point as Svilar intended to use in commencing its line and that all but this particular segment of the approved extension had been completed.
The apparent real differences in the prospective service by the two contending parties was or is the rate to be charged the consumer. Svilar informed the Commission that it would charge a particular rate which was on file with the Commission. Svilar contends that the Commission had no right to consider the rate evidence of RVEA since it was not made a specific part of the record in this case. We do not believe that the Commission should be so limited. We believe that it had a perfect right to consider information which was within its knowledge as a part of its own records and to draw a finding or conclusion from such information. See the case of State of Wisconsin v. Federal Power Commission, 91 U.S.App.D.C. 307, 201 F.2d 183, 186, certiorari denied 345 U.S. 934, 73 S.Ct. 795, 97 L.Ed. 1362, where the Court said:
"We think the Company's arguments quite untenable. In the first place, there are many occasions  and this would seem to be one of them  on which a regulatory agency can and should take official notice of the reports filed with it by a regulated company. * * *"
*56 In point of fact we believe that there was sufficient evidence to sustain all of the findings made by the Commission and that the findings justify the conclusion reached by the Commission.
Next we turn to the argument of Svilar that the Commission erred in interpreting the phrase "immediate vicinity" in the Certificate of Public Convenience and Necessity of Svilar to be limited to the corporate limits of the Town of Hudson, Wyoming, and suburban territory located within a radius of one-half mile therefrom. Parties agree that the law on this subject gives wide discretion to the Commission. It was necessary that the area be properly divided so that future difficulty would not arise between these parties. It would appear from the evidence, and the Commission found, that Svilar served only six customers outside the Town of Hudson and within one-half mile from the town and that RVEA served 118 customers within an area of six miles from the Town of Hudson. This fact would appear to be sufficient to justify the Commission in its decision that the area outside a limit of one-half mile from the Town of Hudson should be given to RVEA.
The Court has considered the other specific contentions of Svilar and cannot agree that there is error requiring reversal of this case. The judgment of the District Court is therefore affirmed.
Affirmed.
HARNSBERGER, J., not participating.