STATE OF NORTH CAROLINA ex Rel. UTILITIES COMMISSION v. FREDRICKSON MOTOR EXPRESS, MRS. MABEL D. BURTON D/B/A HELMS MOTOR EXPRESS, AND MILLER MOTOR EXPRESS.

(Filed 24 May, 1950.)

**1. Carriers § 5—Verified petition and exhibits attached may be considered as evidence in passing upon application under G.S. 62-121.11.**

While the burden of proof is upon applicant under G.S. 62-121.11, its verified petition and exhibits attached thereto showing that applicant was a common carrier of property by motor vehicle in intrastate commerce on 1 January, 1947, with map outlining territory, list of motor vehicles owned by it, financial statement, and report of operations for typical months prior to 1 January, 1947, and showing continuous operations since

that date, may be considered by the Utilities Commission as evidence, and there being no evidence *contra*, and no evidence that applicant was unfit or otherwise disqualified, is sufficient to support the Commission's findings that applicant had operated continuously and with reasonable frequency during the period in question, and sustained the issuance of franchise under the statute, irrespective of the question of public convenience and necessity.

2. **Same—**

The phrase "in *bona fide* service as a common carrier" as used in G.S. 62-121.11 means one who was rendering substantial service as a common carrier in good faith, actively, openly, and honestly.

APPEAL by defendants from *Phillips, J.,* October Term, 1949, of GUILFORD. Affirmed.

This was a proceeding before the North Carolina Utilities Commission initiated by the application of Winslow Truckers, Inc., for a certificate under the North Carolina Truck Act of 1947 (Chap. 1008, sec. 7, now G.S. 62-121.11), to which the above named defendants filed protest.

Under this Act on July 12, 1947, Winslow Truckers, Inc., filed verified application for authority to transport property by motor vehicle for compensation, alleging that applicant proposed to operate over irregular routes, and setting out, in support of application and as showing qualification to perform proposed service, the scope of its operations with map outlining territory, list of motor vehicles, financial statement, and report of past operations in the months of June and December 1946 and March 1947. On August 31, 1948, the Utilities Commission issued temporary authority with conditions and limitations therein set out.

February 26, 1949, the Fredrickson Motor Express, the Helms Motor Express and Miller Motor Express, herein called defendants, filed joint protest setting out that they were holders of franchises authorizing transportation of property by truck on regular routes, and that applicant was seeking authority to perform transportation within the territory in which protestants were rendering adequate service, and further that applicant had not, within the meaning of the Act, shown reasonably frequent and continuous service, or that it was in *bona fide* operation January 1, 1947; or that the service rendered was that of a common carrier over irregular routes for the entire period.

At the hearing before the Commission the applicant offered in evidence the application with supporting exhibits showing scope of operations, list of equipment, financial standing and detailed report of operations for the months selected. No evidence was offered *contra*. The Commission found the application was filed under the provisions of the Act within the time limited; that applicant was in *bona fide* operation as a common carrier of property by motor vehicle in intrastate commerce on January

1, 1947, and has continued to so operate since that time; that as shown by the report of applicant operations were reasonably frequent and continuous and transportation service rendered as set out therein. Thereupon it was ordered that applicant be authorized to operate as a common carrier of property by motor vehicle in intrastate commerce.

To this order protestants filed exceptions, and applied for rehearing under Chap. 989, Session Laws 1949. On re-hearing the Commission, pursuant to what it regarded as a statutory declaration of public policy that all motor transportation in service January 1, 1947, be continued without interruption, and in compliance with the provisions of the Act, held that the Commission could issue certificate applied for on the facts set out in the petition without additional or supporting evidence, the verity of the facts stated not being questioned or want of *bona fides* suggested. The Commission further found that the operations were reasonably frequent and continuous within the meaning of the Act, and that there was no evidence the applicant was unfit or otherwise disqualified. Re-hearing was accordingly denied, and protestants appealed to the Superior Court. In the Superior Court the order of the Utilities Commission was affirmed and the protestants excepted and appealed to this Court.

*Attorney-General McMullan and Assistant Attorney-General Paylor, for State of North Carolina ex rel. Utilities Commission, appellee.*

*Harry Rockwell, Harrell Pope, Smith, Wharton, Sapp & Moore, and W. Henry Hunter for Winslow Truckers, Inc., applicant, appellee.*

*Bailey & Holding for Fredrickson Motor Express, and Mrs. Mabel D. Burton, d/b/a Helms Motor Express, and Miller Motor Express, appellants.*

DEVIN, J. The appellants challenge the propriety of the judgment below in affirming the issuance by the Utilities Commission of a temporary certificate or franchise to the applicant Winslow Truckers under the provisions of Chapter 1008, sec. 7, Session Laws 1947 (now G.S. 62-121.11), on the ground that the action of the Commission was taken without adequate proof of the facts found.

This statute was enacted in 1947 pursuant to the policy declared in a resolution previously adopted by the General Assembly that motor carrier service theretofore rendered be continued and preserved under the regulation of the Utilities Commission. Section 7 thereof contains these pertinent provisions: "If any carrier or predecessor in interest was in *bona fide* operation as a common carrier by motor vehicle on January 1st, 1947, over the route or routes or within the territory for which application is made under this section, and has so operated since that time, . . . the commission shall issue a certificate to such carrier without requiring

further proof that public convenience and necessity will be served by such operation, if such carrier qualifies itself in the following manner." The qualifications enumerated, briefly stated, were these: In order to obtain this certificate the carrier was required by the Act to show report of its operations for one or more full calendar months of 1946, chosen as typical or representative of the nature, extent and frequency of its continuous operation from January 1, 1947, to date of application; description of highways and territory covered; description of vehicles, and statement of financial standing. Thereupon it was the duty of the Commission to issue certificate authorizing the route operations applied for, if the Commission should find from the application that the operations were reasonably frequent and continuous throughout the period covered by the report of operations filed and made a part of the application, and to that end the application so filed was to be received in evidence by the Commission. It is further provided in the Act that the Commission may require additional or supporting evidence as to the verity of the facts stated in the application, and the Commission was authorized to deny certificate upon a finding from competent evidence that applicant is unfit or disqualified to perform the service for which application is made.

Appellants in their brief state that the issue here presented is whether the applicant makes out a case under this Act by introducing only the application and exhibits filed with it. It would seem that the answer to this question is to be found in the Act itself which provides in sub-section 3 of section 7 that "the application so filed shall be received in evidence by the Commission." We see no reason why the Commission should not be held empowered to act upon the applicant's verified petition and the exhibits attached thereto showing substantial compliance with sub-section 2 of section 7 of the Act, particularly when no evidence *contra* is offered. Furthermore, the applicant is required, pending decision on his application (G.S. 62-121.14), to conform to all provisions of the Act and the regulations of the Commission from the time of filing his application. The Commission as an administrative agent of the state is charged with supervision and inspection of the operations of motor carriers, and the extent and character of applicant's operations after that time came within the scope of its power. Applicant offered detailed statement of its operations during the month of March 1947 as typical and representative of its operations for the entire period, and truth of this statement was not questioned.

While the burden of proof was undoubtedly on the applicant, upon the showing made, we think the record sufficient to support the findings and order of the Utilities Commission and the judgment of the Superior Court in affirmance thereof. The verity of the facts set out in the application was unchallenged by opposing evidence or suggestion of unfitness or other

disqualification of the applicant. The phrase "in *bona fide* service as a common carrier" as used in the statute would seem to carry the implication that applicant was one who was rendering substantial service as such in good faith, actively, openly, honestly. *McDonald v. Thompson,* 305 U.S. 263; *U. S. v. Carolina F. Carriers,* 315 U.S. 475 (480).

It is not contended the applicant had abandoned or discontinued operations. Indeed appellants' right to maintain their position here is grounded on the allegation that applicant is seeking to perform transportation service within the territory covered by their franchises.

We conclude that the judgment below should be affirmed, and it is so ordered.

Affirmed.