STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION, v. FREDRICKSON MOTOR EXPRESS, MRS. MABEL D. BURTON D/B/A HELMS MOTOR EXPRESS, AND MILLER MOTOR EXPRESS.

(Filed 24 May, 1950.)

**1. Carriers § 5—**

Where application is filed within the time allowed under G.S. 62-121.11, and in the report of operations for a month prior to 1 January, 1947, selected by applicant as typical, applicant asks opportunity, if necessary, to offer proof of operations for other months, the Commission has power to permit an amendment to show operations for other months and to consider the addenda thus filed in passing upon the application.

**2. Same—**

In an application under G.S. 62-121.11, the Utilities Commission must act within the authority conferred by the statute, yet the findings from the evidence and the exercise of judgment thereon within the scope of its powers are matters for the Commission, and its order will not be disturbed

when sustained by its findings upon competent, material and substantial evidence.   G.S. 62-26.10.

APPEAL by defendants from *Phillips, J.,* October Term, 1949, of GUILFORD.   Affirmed.

This was a proceeding before the North Carolina Utilities Commission in the matter of the application of S. & S. Trucking Company for certificate under the North Carolina Truck Act of 1947 (Chap. 1008, sec. 7, now G.S. 62-121.11) to which the above named defendants filed protest.

Certificate as applied for was issued under sec. 7 of the Act, and defendants' exceptions to the order, after re-hearing, were denied.   Defendants appealed to the Superior Court, where the ruling of the Utilities Commission was affirmed.   Defendants excepted and appealed to this Court.

*Attorney-General McMullan and Assistant Attorney-General Paylor for State of North Carolina ex rel. North Carolina Utilities Commission, appellee.*

*Brooks, McLendon, Brim & Holderness for Louise J. Sharpe, d/b/a S. & S. Trucking Company, appellee.*

*Bailey & Holding for Fredrickson Motor Express, Mrs. Mabel D. Burton, d/b/a Helms Motor Express and Miller Motor Express, appellants.*

DEVIN, J.   The proceeding before the Utilities Commission, which is the subject of this appeal, was in form similar to that which we have heretofore considered in two other cases under the same title, *ante,* 174 and 178.   Here the appellants assign error in the judgment below for that it affirmed the ruling of the Utilities Commission in permitting the filing of an additional and later report of operations in support of its application for franchise certificate under the North Carolina Truck Act of 1947, and also on the ground that the grant of authority to applicant as a common carrier was not supported by competent, material and substantial evidence.

On the first question thus presented, we note that in the original report of operations for the month of July 1946, chosen as typical or representative of the nature, extent and frequency of previous operations, the applicant had asked opportunity, if necessary, to offer proof of operations for other months, and later in response to inquiry from the Commission's Director of Traffic based on this request did subsequently file report of additional shipments transported in 1946.   True, the application in manner and form specified by the Act was required to be filed on or before October 1, 1947, but we think the Commission had the power to permit an amendment in the particular matter which had been re-

quested at the time of filing the application. The motion to dismiss the application on this ground was properly denied. Nor was the Commission precluded from considering the addenda thus filed.

The Utilities Commission, after considering the application filed and the additional evidence offered by applicant, found that the application was filed in compliance with the provisions of section 7 of the Act; that applicant was in bona fide operation as a common carrier of property by motor vehicle in intrastate commerce during 1946, and was so operating January 1, 1947, and has continued so to operate since that time; that the operations were reasonably frequent and continuous throughout the period covered by the report. Thereupon the Commission issued order authorizing applicant to operate as a common carrier of general commodities over the regular routes set out in the application.

The appellants excepted on the ground that the evidence does not support a finding that applicant engaged in transportation of general commodities, or show reasonably frequent and continuous operations as a common carrier over the regular routes described in the application.

However, from an examination of the record and the report of the testimony introduced before the Commission and upon which its findings were based, we are unable to hold that the findings and conclusions of the Commission were without substantial support in the evidence. While in the administration of the Truck Act of 1947, the decisions of the Utilities Commission must be within the authority conferred by the Act, yet the weighing of the evidence and the exercise of judgment thereon as to transportation problems within the scope of its powers are matters for the Commission. *U. S. v. Carolina F. Carriers,* 315 U.S. 475; *Utilities Com. v. Trucking Co.,* 223 N.C. 687, 28 S.E. 2d 201; *Utilities Com. v. Coach Co.,* 218 N.C. 233, 10 S.E. 2d 824.

Viewing the entire record in the light of appellants' exceptions, we are unable to discover that any substantial rights of the appellants have been prejudiced because of the Commission's findings or decisions, or that they are unsupported by competent, material and substantial evidence. G.S. 62-26.10.

We conclude that the judgment below in affirmance of the order of the Utilities Commission in the instant case should be affirmed.

Judgment affirmed.