STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION AND CAROLINA CRANE CORPORATION (APPLICANT) APPELLEE v. HOME TRANSPORTATION COMPANY, INC., MOSS TRUCK-ING COMPANY, INC., McLEOD TRUCKING AND RIGGING COM-PANY, INC., EVERETTE TRUCK LINES, INC., AND CLARKSON BROTHERS MACHINERY HAULERS, INC. (PROTESTANTS) AP-PELLANTS

No. 7510UC641

(Filed 7 January 1976)

Carriers § 2; Utilities Commission § 3— common carrier authority —neces-sity — sufficiency of evidence

In a hearing upon an application for common carrier authority to transport heavy commodities between all points and places within the State, the evidence was sufficient to support a finding by the Utilities Commission that public convenience and necessity require the proposed service in addition to existing authorized service.

Judge VAUGHN dissenting.

APPEAL by protestants from an order of the North Carolina Utilities Commission in Docket No. T-1381, Sub 2, dated 28 February 1974. Heard in the Court of Appeals 14 November 1975.

Carolina Crane Corporation (applicant) applied for a common carrier certificate of authority to transport Group 2, heavy commodities, over irregular routes between points and places throughout the State of North Carolina. Applicant cur-

rently has a certificate authorizing it to transport heavy commodities between points in Wake County and other points in the State.

Protestants are carriers that currently hold certificates authorizing them to transport heavy commodities between all points and places within the State.

A hearing was held before a hearing examiner appointed by the commission. The hearing examiner, after making his findings and conclusions entered a recommended order granting applicant the authority it had requested. Protestants excepted. The commission reviewed the record of the proceedings before the hearing examiner and adopted the recommended order as the order of the commission. Two members of the commission dissented.

Protestants' petition to rehear was denied. Protestants then duly gave notice of appeal to this court from the order granting the authority.

*Vaughan S. Winborne and H. P. Taylor, Jr., for protestant appellants.*

*Bailey, Dixon, Wooten, McDonald & Fountain, by J. Ruffin Bailey and Ralph McDonald, for applicant appellee.*

BRITT, Judge.

Under G.S. 62-262(e), an applicant for a common carrier certificate must prove:

"(1) That public convenience and necessity require the proposed service in addition to existing authorized transportation service, and

(2) That the applicant is fit, willing and able to properly perform the proposed services, and

(3) That the applicant is solvent and financially able to furnish adequate service on a continuing basis."

At the hearing before the hearing examiner, applicant called six witnesses who represented five separate companies that are using or have used the services of the applicant in the transportation of heavy equipment. These witnesses testified that the services of applicant were satisfactory but that they were inconvenienced by the limited authority held by applicant.

The witnesses, generally, were of the opinion that there is a need for the services proposed by the applicant. Applicant offered other evidence tending to show its fitness and ability to perform the proposed service.

Protestants offered evidence tending to show that they were adequately serving the area covered by the application. Their evidence tends to show that they now have more equipment than is needed and that their equipment is specialized and very expensive. Much of their equipment stands idle and their financial condition will suffer if another carrier is authorized to serve the same area.

The commission found the facts in favor of the applicant and since there is some evidence to support the facts so found, this court is bound by the findings. The facts found support the conclusion that the public convenience and necessity requires the proposed service in addition to existing authorized service. " . . . [W]hat constitutes 'public convenience and necessity' is primarily an administrative question with a number of imponderables to be taken into consideration, *e.g.*, whether there is a substantial public need for the service; whether the existing carriers can reasonably meet this need, and whether it would endanger or impair the operations of existing carriers contrary to the public interest. Precisely for this reason its determination by the Utilities Commission is made not simply *prima facie* evidence of its validity, but '*prima facie* just and reasonable.' " *State ex rel. Utilities Comm. v. Great Southern Trucking Co.*, 223 N.C. 687, 690, 28 S.E. 2d 201, 203 (1943).

We, therefore, conclude that the order of the Utilities Commission should be

Affirmed.

Judge ARNOLD concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting:

In my opinion the Recommended Order of the Hearing Examiner, subsequently ratified by a majority of the Commission, is erroneous as a matter of law and is unsupported by competent, material and substantial evidence in view of the entire record.